Larrabee *v.* Lumbert.

---

(\*) LARRABEE *versus* LUMBERT.

To entitle a demandant to recover for rents and profits in a writ of entry, he must set forth a claim for them in his declaration.

In such action, the rents and profits, though specially declared for, are recoverable only up to the date of the writ.

Rents and profits accruing before that date, cannot be sued for and recovered in any subsequent action of any form.

For rents and profits accruing *subsequently* to the date of the writ of entry, and prior to the time when possession is taken by the demandant, a recovery may be had in trespass for mesne profits.

ON FACTS AGREED.

TRESPASS, for mesne profits of a store.

The defendant conveyed to the plaintiff the store in 1846, by an absolute deed, but continued to occupy it till July 10, 1850.

On April 12, 1849, the plaintiff in writing notified the defendant to quit. It was admitted that the defendant could prove, if admissible against the plaintiff's objection, certain recited facts, in substance as follows : —

At the time of conveying the store, the defendant procured of the plaintiff a loan of notes, of $5000, signed by the plaintiff, which the defendant negotiated for his own benefit. To secure the plaintiff for that loan, the defendant conveyed to him in mortgage certain mills, and at the same time gave to him the unconditional deed of the store, the plaintiff agreeing to take it only for additional security against the loan.

Larrabee *v.* Lumbert.

Except for such security there was no consideration for the deed. The plaintiff refused to give any bond for reconveyance, but stated *that*, if the defendant paid the notes, the store should be reconveyed; *that* he wanted the deed absolute, in order that the defendant might be prompted to punctual payment; *that* he did not wish any thing to do with the store, but *that* if he had to pay the notes and wait three years, " he was to have the store."

The plaintiff had to advance the money to pay the notes, and the defendant afterwards repaid a part of the amount. To recover the residue, the plaintiff sued the mortgage and obtained the conditional judgment for the balance due to him for his advancements, which judgment was fully paid in October, 1851.

On June 4, 1849, the plaintiff brought a writ of entry to obtain possession of the store. In that writ was inserted a claim for rents and profits, but it was afterwards stricken out under leave to amend, and the plaintiff obtained judgment for possession on June 29, 1850, and took possession by virtue of an execution on July 10, 1850. In that suit no recovery was had for rents or profits.

This suit is brought to recover mesne profits, and was commenced on December 9, 1852.

If the plaintiff is entitled to recover, the damages are to be assessed by the clerk. Nonsuit or default is to be entered as the law upon the facts shall require.

*Peters*, for the plaintiff.

The proof, as to the plaintiff's verbal promise to reconvey, was inadmissible. *Heald v. Jewett*, 7 Greenl. 435; *Ellis* v. *Higgins*, 32 Maine, 34; R. S., c. 91, § § 30, 31.

If there was a tenancy without obligation to pay rent, that tenancy was terminated by our notice to quit, on April 12, 1849.

But our recovery against the tenant *in a writ of entry*, proves that he was holding possession by wrong from the beginning. *Birch* v. *Wright*, 1 T. R. 379; *Monroe* v. *Luke*, 1 Metc. 465.

The case in Massachusetts, *Raymond* v. *Adams*, 6 Cush. 255, is offered to show, that this suit for mesne profits is not sustainable. But that decision was based upon a rule adopted there, that mesne profits are recoverable in the writ of entry, *without setting forth the claim specially.*

In this State the opposite rule has been adopted. *Pierce* v. *Strickland*, 12 Shepl. 440 ; *Haskell* v. *Eaton*, unreported.

The Massachusetts case, therefore, can have no influence here. The case of *Pierce* v. *Strickland*, is a clear and decisive allowance of this action.

The Court, in Cushing, comment on the 31st § of their statute, which is the same as § 18 of our statute, and they say, " the 31st section expressly provides, that nothing in this chapter shall prevent the demandant from having his action of trespass for mesne profits or for damages against any person, except the tenant in the writ of entry. This is a strong implication, that against him the proceedings are conclusive."

It strikes me, such a conclusion or implication is forced. The only meaning and extent of that section is this ; to wit, that a demandant in a writ of entry, who chooses to take damages in that mode, shall not by so doing be prevented from still another recovery against a co-trespasser.

That Court intimates, that the new mode of recovery, is an abolishment of the old form of action. But it cannot be so here, because now in every case here, where a writ of entry would lie, the process of forcible entry and detainer will. Stat. of 1849, c. 98 ; Stat. of 1850, c. 160.

We sue for rents and profits up to the time when the defendant was actually removed under the writ of possession. The jury pass upon the rents and profits. —

How could they determine those, which accrued subsequent to the date of the writ ? How could a demand accruing subsequent to the date of suit be legally determined in that proceeding ?

How could the jury assess damages which accrued subsequent to the verdict, and before judgment ? *a fortiori*, how assess the damages which accrued subsequent to the judg-

ment, and before the defendant was actually removed ? Lumbert was in several days between the date of the execution, and his removal. *There seems no possible way to avoid an action here for something*, even if we give the fullest authority to the decision in Massachusetts. I cite *Larrabee* v. *Lumbert*, 34 Maine, 79; *Gooch* v. *Stephenson*, 1 Shepl. 371; 15 Mass. 205.

*Rowe & Bartlett*, for the defendant.

APPLETON, J. — It was held in *Pierce* v. *Strickland*, 25 Maine, 440, that to entitle the demandant to recover for mesne profits in a writ of entry, under the provisions of R. S., c. 145, § 14, he must set forth his claim for them in his writ. Of the correctness of this decision we have no doubt. Under this section the demandant may recover for mesne profits and waste. Whether he will claim either or both is uncertain. If he claim either or both, the same reasons exist for giving the defendant notice of his several claims and of their extent, so that he may know to what he is called to answer, as in any other case ; and this notice should be furnished by the declaration. The verdict of a jury is based upon and is their response to the several counts in the writ. It would be an anomaly in judicial proceedings for a plaintiff to recover for damages not declared for, and when the record would not disclose the grounds of action, for and on account of which damages have been rendered. Although a change is made in the remedy, it could hardly have been intended that a recovery should be had for that which is not set forth in the declaration, any more in this than in any other action.

But whether it be necessary that the demandant's claim for mesne profits or waste, or both, should be specifically set forth in his writ, is a matter purely formal and upon which the decision of this case does not turn. The true and material inquiries are, whether the statute does or does not prohibit the maintenance of any suit for such damages as might have been recovered against the tenant in a writ of entry, and if it does,

whether the demandant may not recover for such damages as may have arisen since the institution of such suit.

The action for mesne profits is an action of trespass, and during the continuance of a disseizin cannot be maintained by one disseized.   Hence a recovery in a writ of entry is necessary to reinvest the owner with the seizin of his estate.   When possession is regained, the owner is deemed to have been seized from the time of the unlawful entry of his disseizor, and, except so far as he may be barred by the statute of limitations, may recover for mesne profits to the time of his entry under his writ of possession.   *Dewey* v. *Osborn*, 4 Cow. 329 ; *Emerson* v. *Thompson*, 2 Pick. 473.

The R. S., c. 145, make important changes in the law of real estate and in the modes by which rights may be enforced or wrongs redressed.   By § 14, it is enacted that the demandant in a writ of entry " shall be entitled to recover in the same action, damages against the tenant for the rents and profits of the premises, from the time when the demandant's title accrued, subject to the limitations hereinafter mentioned."   By § 16, the rents and profits for which the tenant shall be liable " shall be the clear annual value of the premises for the time during which he was in possession thereof," after making certain equitable deductions.   It will be perceived, that the measure of damages to which the demandant would otherwise be entitled, is by this provision limited and restrained.   At common law the possession of the tenant was treated as tortious, and vindictive damages were allowed.   In *Goodtitle* v. *Tombs*, 3 Wils. 118, GOULD, J., says, " the plaintiff in this case," (which was trespass for mesne profits,) " is not confined to the very mesne profits only, but he may recover for his trouble, &c.   I have known four times the value of the mesne profits given in this sort of action of trespass ; if it were not to be so, sometimes complete justice could not be done to the party injured."   In the same case, WILMOT, C. J., says, " damages are not confined to the mere rent of the premises, but the jury may give more if they please, as my brother GOULD hath truly observed."   In *Dewey* v. *Osborn*,

4 Cow. 338, SUTHERLAND, J., says, "the action of mesne profits is an action of trespass ; and is founded in the principle of possession by relation of reëntry. The damages in that action are not limited to rent. Extra damages may be given." A new rule for the estimation of damages is established by the statute, favorable to the tenant, yet just to the demandant. The tenant, by § 16, is not to be assessed for the value of any improvements made by himself. By § 17, provision is made by which the rents and profits may, in certain cases, be allowed by way of offset to the tenant's claim for improvements, an offset, which could not be enforced unless the various rights of the parties were to be settled in the writ of entry.

That the claim for mesne profits, so far as they have accrued, must be enforced in the writ of entry, if at all, is abundantly manifest from § 18, which provides, that "nothing contained in this chapter shall prevent the demandant from maintaining an action of mesne profits, or for damages done to the premises against any person, *except the tenant in a writ of entry*, who may have had possession of the premises or who may be otherwise liable to such action." Let the words *" except the tenant in a writ of entry,"* be stricken out of this section, and the right of the demandant at common law, to maintain this action, remains unaffected by the enactments of the statute. The new provisions of § 14 would then be merely cumulative. Let them be inserted, and is not the meaning of the section changed ? Are they not to have some effect upon its construction, and can there be any doubt, that they are to a certain extent inhibitory ? The only apparent object of this section was to prevent the impression, which seems to have been anticipated as likely to arise, that the action of trespass for mesne profits had been prohibited, in all cases, by the sections which precede. The obvious purpose was to prevent the misconstruction of previous provisions of the statute. It then authorizes the recovery of damages against all persons, "except the tenant in a writ of entry." The necessary and unavoidable inference is, that as against him no action should be maintained for mesne profits, which

might have been included in such suit. The intention of the Legislature appears to have been, that the title and all incidental and derivative rights, should, as far as practicable, be determined in one suit, as in this mode the conflicting rights of the parties might be better adjusted, in pursuance of the new rules introduced, and might be sooner determined, and with diminished expense. *Raymond* v. *Andrew*, 6 Cush. 265.

But while the writ of entry is progressing to its termination, the trespass of the tenant on the demandant is continued. The resistance to his claim, if it be a just one, is a continuing invasion of his rights. The demandant recovering seizin is deemed by relation to have been in possession from the first wrongful entry of the tenant, and is entitled to his mesne profits during the progress of the suit till his entry under his writ of possession. The plaintiff insists, that if barred as to all mesne profits for which a recovery might have been had in the writ of entry, he is at all events entitled to recover those, which could not have been thus included, and we think his claim to this extent is well founded.

In real actions, the rights of the parties are to be determined upon the state of the title at the time of the demandant's suing out his writ. Neither the plaintiff, for maintaining his title, nor the tenant in sustaining his defence, can invoke the aid of a subsequently acquired title. In assumpsit the plaintiff can only declare for what is due. In trespass the plaintiff cannot set forth claims for prospective wrongs. As it is required, as has been seen, that the demandant in his writ of entry should set forth his claim for mesne profits in his writ, it must show the extent and limits of his claim. He can only demand damages for the past. He cannot by an anticipatory count set forth future contingent and uncertain or unknown damages. The demandant therefore in a writ of entry can only recover for damages which accrued before the commencement of his suit. *Starr* v. *Pease*, 8 Conn. 541.

The fourteenth and eighteenth sections of R. S., c. 145, relate to the same subject matter, and are to be construed together.

Larrabee *v.* Lumbert.

To ascertain the Legislative intention the whole statute must be regarded. By § 14, no new rule is given, as to the time to which damages are to be computed. The general rule of the common law consequently remains, by which the demandant is limited in his recovery to those accruing before the purchase of his writ. By § 18, a prohibition is imposed against bringing an action for mesne profits "against the tenant in a writ of entry." But this prohibition is to be construed in connection with the preceding section and is only coëxtensive therewith. In the fourteenth section new rights are granted, and so far as regards those rights, to the extent of what the demandant might have recovered, he is inhibited from commencing a new suit, and no further. The tenant is not relieved from his liability for mesne profits arising after the suit against him had been commenced or judgment obtained. Ample provision is made for the trial in the writ of entry for all claims which had then arisen, and for all within the purview of § 14, no subsequent suit can be brought; as for all other claims the rights of the parties remain as at common law. A suit may continue an indefinite number of years before final judgment without fault on the part of the demandant, and unless he can recover *mesne profits* in a subsequent suit, he is deprived of what is justly due him, and a premium is offered to dishonesty. Any other construction of the statute will fail to do equal and exact justice to the parties. The result is, that the plaintiff must recover for the mesne profits since the date of his writ of entry.

The testimony introduced to show that the deed to the plaintiff, though absolute in form, was intended as security for a loan, is not admissible. *Hale* v. *Jewell*, 7 Greenl. 435. The judgment in a writ of entry is evidence of the demandant's title to recover from the tenant such mesne profits as have been received from the premises of which a recovery was had in such suit. *Withington* v. *Corry*, 2 N. H. 115.

*Defendant defaulted.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.